IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Robert Justin Hord, | C/A No. 5:24-4264-SAL |
| Petitioner, | |
| v. | |
| Warden Stonebreaker, | **ORDER** |
| Respondent. | |

On August 4, 2024, Robert Justin Hord ("Petitioner"), proceeding *pro se*, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on the Report and Recommendation ("Report") by United States Magistrate Judge Kaymani D. West, who reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 40.] The magistrate judge recommends dismissing Petitioner's action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 40 at 3.] As set forth in the Report, multiple grounds support dismissal of this action for failure to prosecute. Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. *Id.* at 4. Petitioner has not filed objections,[1] and the time for doing so has expired.

---

[1] The court notes Petitioner was transferred to a different correctional institution during the pendency of this action. Respondent filed a motion for a summary judgment on January 6, 2025, and Petitioner's response was due February 7, 2025. But as a result of his transfer and a delay in receiving mail, Petitioner requested an extension to respond to the motion for summary judgment, which the magistrate judge granted. *See* ECF Nos. 36, 37, 38. Petitioner's deadline to file his response was extended to April 3, 2025, but he has yet to file any response. *See* ECF No. 38. On April 15, 2025, the magistrate judge issued her order recommending dismissal for failure to prosecute. ECF No. 40. Objections were due by April 29, 2025, but none have been filed.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report, ECF No. 40, and incorporates it by reference. As a result, this action is **DISMISSED**, with prejudice, for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

May 19, 2025                                         Sherri A. Lydon
Columbia, South Carolina                            United States District Judge